UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD C. FANTASIA,

    *Plaintiff*,

v.

ANTONY J. BLINKEN, Secretary, U.S. Department of State,

    *Defendant*.

No. 22-cv-0100 (DLF)

**MEMORANDUM OPINION**

    Edward Fantasia, a U.S. citizen formerly employed by the U.S. Department of State in Germany, brought this *pro se* suit against the Secretary of State under the Age Discrimination in Employment Act (ADEA) and German law for discriminating against him on the basis of age. Compl., Dkt. 1. Before the Court is the Secretary's motion to dismiss, Dkt. 10. For the reasons that follow, the Court will grant in part and deny in part the Secretary's motion.

**I.    BACKGROUND[1]**

    From 1997 until his retirement in 2017, Fantasia was employed by U.S. Mission Germany at the U.S. Consulates in Dusseldorf and Munich. Compl. at 3, 9. When he began working at the U.S. Consulate in Dusseldorf in February 1997, he was 45 years old. *Id.* at 15. At that time, U.S. Mission Germany had a policy that employees who began employment at or over the age of 45 were not eligible for retirement benefits. *Id.* Fantasia alleges that, for that reason, he was denied eligibility for a retirement benefit plan during his employment. *Id.* at 9–10.

---

[1] In a motion to dismiss, the Court accepts the facts alleged in the complaint "as true and draw[s] all reasonable inferences from those allegations" in Fantasia's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

On January 25, 2015, after a German court declared age limitations of that sort illegal under German antidiscrimination law, U.S. Mission Germany terminated its policy and replaced it with an age-neutral one. *Id.* at 11, 16. Fantasia alleges that he has now reached the age of eligibility for retirement benefits (age 65) but has not received any benefits. *Id.* at 10.

Beginning in November 2019, members of the local employee association, including Fantasia, met with U.S. Mission Germany staff and requested review of this alleged discrimination. *Id.* at 16. In response, the State Department issued a cable declining their request on February 26, 2020. *Id.* Fantasia contacted a counselor with the Equal Employment Opportunity Commission (EEOC) on July 23, 2020, and he filed a formal complaint on August 26, 2020. *Id.* at 13, 23. His case was dismissed on October 13, 2020, *id.* at 21, and his appeal and request for reconsideration were likewise unsuccessful, *id.* at 18–20, 27–29. Fantasia brought this suit on December 23, 2021, alleging violations of the ADEA and German antidiscrimination law. *Id.* at 9–10. The Secretary moved to dismiss due to sovereign immunity, failure to exhaust, and res judicata under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Def.'s Mem. in Supp. of Mot. to Dismiss at 1, Dkt. 10-1.

## II.   LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine

[the] jurisdictional questions." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citations and quotation marks omitted). But the court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" in order to "assure itself of its own subject matter jurisdiction." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (quotation marks omitted). A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555. Well-pleaded factual allegations are "entitled to [an] assumption of truth," *Iqbal*, 556 U.S. at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quotation marks omitted). When deciding a Rule 12(b)(6) motion, the court may consider only the complaint itself, documents attached to the complaint, documents incorporated by reference in the complaint, and judicially noticeable materials. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A Rule 12(b)(6) dismissal "is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992).

### III. ANALYSIS

#### A. Sovereign immunity

Sovereign immunity "shields the federal government and its agencies from suit" and is "jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). The federal government has waived sovereign immunity from ADEA claims, *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008); including those brought by U.S. citizens for discrimination suffered abroad, *Miller v. Clinton*, 687 F.3d 1332, 1336, 1352 (D.C. Cir. 2012). Accordingly, Fantasia's claim for age discrimination in Germany under the ADEA may proceed against the Secretary. *Cf.* Def.'s Mot. at 3–4.

However, the government has not waived its immunity from suit under foreign law. Fantasia has not identified any statute that would allow him to bring his German antidiscrimination law claim in a U.S. court. *See* Compl. at 10. And the Federal Tort Claims Act (FTCA), which waives federal immunity for certain torts, explicitly does not apply to "claim[s] arising in a foreign country" that require application of foreign law. 28 U.S.C. § 2680(k). That exception to the FTCA "codified Congress's unwillingness to subject the United States to liabilities depending upon the laws of a foreign power." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 707 (2004) (quotation marks and alteration omitted)). Accordingly, the federal government, including the Secretary acting in his official capacity, enjoys immunity from suit under foreign law. Fantasia's German law claim must be dismissed for lack of jurisdiction.

#### B. Exhaustion

Before bringing suit under the ADEA, a claimant must first timely exhaust administrative remedies. *Kennedy v. Whitehurst*, 690 F.2d 951, 961 (D.C. Cir. 1982). As relevant here, he "must

initiate contact with a[n] [EEOC] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). That time limit "shall [be] extend[ed]" if, among other things, the plaintiff "was not notified of the time limits and was not otherwise aware of them" or "did not know and reasonably should not have . . . known that the discriminatory matter . . . occurred." *Id.* § 1614.105(a)(2). "Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); *see Achagzai v. Broadcasting Bd. of Governors*, 170 F. Supp. 3d 164, 174 (D.D.C. 2016) (applying *Bowden* to the ADEA).

Once the defendant has carried this burden, "the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Bowden*, 106 F.3d at 437. Because the ADEA's "exhaustion requirement[] [is] not jurisdictional in nature," the time limit is "subject to waiver, estoppel, and equitable tolling." *Kennedy*, 690 F.2d at 961. "[E]quitable estoppel . . . prevents a defendant from asserting untimeliness where the defendant has taken active steps to prevent the plaintiff from litigating in time." *Currier v. Radio Free Eur./Radio Liberty, Inc.*, 159 F.3d 1363, 1367 (D.C. Cir. 1998) (emphasis omitted). Thus, the time limit may be subject to equitable estoppel "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). For instance, equitable estoppel may apply where the defendant "misled [the complainant] into a good faith belief" that he could or should bring his claim later, *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 235 (1959), or engaged in "affirmative misconduct . . . [that] lulled the plaintiff into inaction," *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

The Secretary has met his initial burden of showing that Fantasia's first contact with an EEOC counselor was untimely. Fantasia knew or should have known of the alleged discrimination

by—at the latest—February 26, 2020, the date the Department sent a cable denying review of Fantasia's age discrimination complaints. *See* Compl. at 16. Accordingly, Fantasia should have contacted an EEO counselor by April 11, 2020, but he did not do so until July 23, 2020. *Id.* at 23.

Nevertheless, Fantasia has shown that the time bar should be subject to equitable estoppel. "[C]ourts have excused parties, particularly those acting *pro se*, who make diligent but technically defective efforts to act within a limitations period," were "misled . . . by a government official's advice upon which they reasonably relied," or did not know or have reason to know about the limit. *Bowden*, 106 F.3d at 438 (citations omitted). Crediting Fantasia's allegations at face value, as the Court must at this stage, equitable estoppel thus applies here. Fantasia alleges that he and his similarly situated coworkers diligently pursued their retirement benefits in German courts well before the relevant time limit expired. Pl.'s Opp'n at 6, Dkt. 15. Throughout that time, Fantasia did not raise ADEA concerns, contact the EEOC, or attempt to litigate in U.S. courts because State Department officials consistently "maintained that the [retirement benefits policy], including the age based exclusion, was governed only by and in conformity with German law, and, as such, was applicable to all [locally employed staff], regardless of [their] citizenship." *Id.* at 6–7. In other words, the Department told him that U.S. law was "irrelevant" to his employment abroad, so a complaint under U.S. antidiscrimination law would be futile. *Id.* at 7. The Department also informed Fantasia that all aspects of "U.S. age discrimination law and practice (including time limitations for seeking EEO counseling and other procedural regulations) did not apply to the [retirement policy] or its age eligibility provisions because only local law governed the matter and recourse through EEO procedures would be in vain." *Id.* at 9–10. Because he was misled by the Department's advice about the applicable substantive law and procedural deadlines, Fantasia's

failure to contact the EEO counselor within the 45-day window will be excused.[2]

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is granted in part as to the German law claim and denied in part as to the ADEA claim. A separate order consistent with this decision accompanies this memorandum opinion.

December 6, 2022

DABNEY L. FRIEDRICH
United States District Judge

---

[2] The Secretary also argues that Fantasia's claim is barred because he has already pursued a grievance under the procedure set forth in the Department's Foreign Affairs Manual. Def.'s Mot. at 6–7. To the extent that the Secretary has not abandoned this argument, see Def.'s Reply at 5–6, the only evidence he points to is the EEOC's finding that the local employee association met with Department officers in November 2019, see Def.'s Mot. at 6–7; Compl. at 24–25. Fantasia responds that he had already retired by 2019; any such meeting was not a formal grievance; and the meeting did not involve an ADEA claim. Pl.'s Opp. at 12–13. Taking Fantasia's allegations as true, as the Court must, the Secretary has failed to present sufficient evidence that Fantasia's claim is barred by *res judicata*.